better. I'm glad I was able to as well, sir. Thank you. You dodged the snow we've been having. Yes, sir, I did. Thank you. I see you're appointed under the Criminal Justice Act. That's correct, sir. The court appreciates you. I appreciate it. Your help. Thank you. You may please the court. My name is Joe Howard and I am a CJA attorney representing Mr. John Forrest. And since we filed our briefs in this matter, there's been a lot of development, a lot of case law development in this area. And looks to me like Wynarski might be the I'm sorry, which one? United States v. Wynarski, January 14th. There's a number of them, Your Honor. I was looking at Champaign, Oslond, and just recently the court, Your Honor, filed a concurring opinion in the Gollumvoe case. And we've been doing some extensive reading on all of the case law that has developed since then. And the crux of our argument is that the residual clause has been, by preponderance of the evidence, demonstrated as a factor which allows for a success of 2255. And once we cross that hurdle, the record's clear that one of the four predicate offenses was a residual. And once we clear that hurdle, then our interpretation of Gollumvoe is that the court then has the ability to then look at the remaining predicate offenses in terms of their applicability under current law. And in our... How do you get over the first hurdle? The first hurdle, Judge, I think we have some serious issues with... You're more familiar with this, Judge, than I am. Well, I'm not familiar with your case, though. Well, in our case, Judge, we have four predicate offenses, if you recall. So two of them, we're not arguing are even in the mix because we believe that they're solid predicate offenses. And so we have two offenses which are at issue. One is under the enumerated clause, and one is under the residual clause. And that determination was decided years ago by the Eighth Circuit when the defendant initially filed his direct appeal. So then why don't you lose if two are undisputed and one, the third one, is under the enumerated clause? Right. So the only way we win is if this court understands that or allows us to go forward because we have one valid residual clause under Johnson. Even though that one was not necessary to the sentence? Isn't that the problem? That's the problem. Your claim does not prevail because of Johnson. That's where Wynarski in. Right, right. And I concede that. I have to concede that under the case law. Because the third one was counted under the enumerated clause. That's what the direct appeal opinion said. Right. So in the event that the court was to go back in time and re-sentence him. What would happen? So let's say he got in through Johnson because you've got one that's based on the residual clause. You've got three remaining. Two you concede. What happens? What would happen? Well, in the event that he was to be re-sentenced under current law, there'd only be two predicate offenses, Your Honor. And is that undisputed? I contest that it is. If you read through the briefs, the government concedes that the residual clause is no longer in effect. And if you read the brief, they do not strongly oppose that. You're talking about the second degree burglary that was classified under the enumerated. That's right. Well, I can ask. I can ask government counsel. Sure. So under Mathis and DeKalb, because the elements don't match, it would no longer under current law be a predicate offense. But why would we say you get there at all if the three convictions don't depend on the residual clause? I mean, doesn't the sentence have to be based on the residual clause? You can't just say one superfluous conviction that was irrelevant or unnecessary to the sentence was based on the residual clause. I'm not sure why that would, why we should allow that to get through the Johnson gateway, so to speak. You want to speak to that? I do, because I can't overcome what you have written in your opinion. What I was looking at in Golinville, I took from that final paragraph of your concurring... Well, it was just a concurring opinion. Right. You could overcome it if it's just a single judge opinion. I agree, Judge, but I thought it was good. I thought that you were implying that we could look at the law as it stands today. Well, what we said there, and Judge Benton's opinion said the same thing on that issue, which is that if you would lose under current law, then there's no need to even decide the Johnson issue because you're going to lose either way. But we weren't saying you get to skip to current law if you would win on current law without getting through the Johnson threshold. I guess that's what I'm saying. All of this is new since we filed our briefs. But you cited something that I thought was really interesting, Your Honor, was that you cited the Peppers case out of the Third Circuit. And I'm not quoting it for the purposes that you did, but the Peppers case was really interesting because it suggested that once a defendant gets through the Johnson hurdle, then the court can look at the other predicate offenses and invalidate them under a DeCamps and a Mathis. Was there any ruling below of which three of these four were actually relied on? Yes. That's a great question. So initially when this case came before on direct appeal, the Eighth Circuit reviewed it and determined that the Kansas attempted burglary was a residual. And the court also determined that the Colorado burglary wasn't enumerated. Does that answer your question, Your Honor? Well, if in fact that there is in the record that the attempted burglary was relied on as they picked three of the four, does that help your case? It totally. Do you have that? That's the only way I can survive. Well, do you have that? Do I have that? Yes. Do you have any indication of anyone picking three out of the four? No. Okay. No. So the judge, no, I'm sorry. I didn't mean to mislead you. The court relied on all four. It didn't distinguish. What difference would it make even if it had said I'm relying on three? I don't need to rely on the fourth. That's an enumerated clause. It would be obvious that the sentence was required to be the same. We only needed... Yeah. So there's another hurdle here that, and this is toward the end of the Wynarski opinion, giving three reasons why that argument failed in that case. Third, in denying Wynarski's first 2255 motion, the district court held that his three class three burglary offenses convictions fell within the enumerated offenses clause. A claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed. I'm quoting B1 and citing an 11th circuit case that applied H2, applied B1. Is that fatal here for you? I don't want to admit that. What I want to say is... I shouldn't have put, I shouldn't have phrased it. I want to say that this defendant appealed directly that the ACCA was unconstitutional. And then he filed a first 2255 also attacking the ACCA. And when DeCamps came down, he filed under that. He's tried to preserve his record from the point of sentencing. These offenses that you say you could sweep away if current law applied... Correct. ...were exactly what he attacked in the prior law. Correct. So if there is finality or preclusion of some kind, that is a hurdle for you. It is. And it's really unfortunate that the court got it wrong so many times earlier. And now finally, Johnson allows us the opportunity to clean up and he can't do it. The whole point, DeCamp and Mathis are applying pre-existing law, adding new wrinkles to the analysis. And that's when finality takes hold unless they're retroactively applicable. My time is up, Your Honor, but I'm happy to respond. Please. Thank you, sir. Yes, they are not retroactive. However, if we're looking at this Peebles case, I think it gives us a glimmer of hope. And with that, Your Honor, I would respectfully submit and say thank you again for the courtesy of allowing me to come in later. We thought maybe you'd drive up this morning when we backed up to 1130. The case settled. And so I called the court and they said I could just... Yeah, when we heard you were here, we thought it must have settled. Right. We didn't think you could have driven with the sun up this morning. Yeah, that was the plan. And I appreciate the courtesy. Well, we understand the constant pressures of dealing with multiple courts and multiple cases. But it's severe dislocation for a panel that's... Well, I just appreciate the opportunity to appear today. Very good. Thank you very much. That's important. Thank you, sir. And thank you. Good morning. May it please the court. Yes, sir. Yep. Matt Mollison. I'm appearing in place of AUSA Russell for this argument. This case depends on... There's two burglar convictions that were at issue with the success of 2255. There is the Kansas conviction, which this court ruled applied because of residual clause. Johnson was made retroactive by Welch, and so the government conceded that that conviction is no longer valid. That left the Colorado conviction. The Colorado conviction, this court ruled, applied under the enumerated clause. Because of that, Johnson does not apply to the Colorado burglary. And because Johnson does not apply, he has to rely on Mathis and DeCamps. If we were to go to the second degree burglary issue, enumerated offense, do you agree that it would, under today's law, it wouldn't qualify as a qualifying offense under the ACCA? I believe that is correct. Under today's law, it would not qualify. So your position is we just can't get there? That is correct. So you don't think the finality point applies? I think it is. I think that that is a finality point. So DeCamps and Mathis are not made retroactive, as this court ruled last month. And because they're not retroactive, he doesn't pass the gatekeeping requirements. And so because he doesn't pass the gatekeeping requirements, there are three convictions that are valid to this. Well, but if Johnson gave him this portal, and so the merits of the burglary convictions came up, isn't there still a preclusion problem under 2244B1 as incorporated in 2255H2? Yes, there is a preclusion problem. And so the portal doesn't apply. And the portal doesn't apply because- Oh, OK. That's the main thing. But I wanted to make, you're not waiving the 2255H2? No, we're not. No. So under 2255H2, there's two gatekeeping requirements. The first one being under 2255, where this court decides whether or not there might be an argument there. Once it went to the district court, the district court is applying 2244. 2244, importantly, directs the district court to dismiss each individual claim unless the claim survives the gatekeeping requirements. So it's not a per sentence under 2244. It's a per claim. And when you look at the convictions, I think those convictions are each properly looked at as individual claims. There's different definitions that apply to each conviction. There's different case law. And as this case shows, there can be different results for each conviction. The district court probably considered those as claims and said that the Kansas conviction no longer qualified, but they could not reach the burglary, the Colorado burglary. The second reason why the portal doesn't apply is, as the district court pointed out, is that would usurp the Supreme Court's power. We'd be applying retroactively cases like Mathis into camps that the Supreme Court has not made to be retroactive. And then the third reason, as the district court pointed out, is that we can't, there is no portal for the court to apply, is because it would result in treating similarly situated defendants differently. So if you had somebody who was in Forrest's position who had an identical record, but didn't have the Kansas conviction, didn't commit that offense, that person would be worse off for having not committed that offense because he can't raise a Johnson claim. So for those three reasons, the portal does not apply. I believe that this case is controlled in large part by the Wynarski decision from last month. Mathis and, as this court ruled, Mathis into camps are not retroactively applicable. So in a nutshell, that's our argument. If there are no questions, that's all I have. All right. Thank you. Very good. You may have used, I don't know if you used your time or not. I did, Your Honor. You want a minute or, I think we know the issue for, so we will, it's been well argued this morning and we'll take it under advisement. Stay tuned on these issues for us as well as you. Does that complete the morning's argument? Yes, Your Honor. Very good.